IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

July 6, 2018

DAVID ELKIN, )
)
Appellant, )
)
v. ) Case No. 2D17-1750
)
STATE OF FLORIDA, )
)
Appellee. )
_____ )

BY ORDER OF THE COURT:

Appellant's motion for rehearing is granted in part and denied in part. The prior opinion dated February 28, 2018, is withdrawn, and the attached opinion is issued in its place. No further motions for rehearing will be entertained.

I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.

MARY ELIZABETH KUENZEL, CLERK

DAVID ELKIN,                          )
                                      )
            Appellant,                )
                                      )
v.                                    )          Case No. 2D17-1750
                                      )
STATE OF FLORIDA,                     )
                                      )
            Appellee.                 )
                                      )
_____ )

Opinion filed July 6, 2018.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Pasco County; Mary M. Handsel, Judge.

Rocco J. Carbone, III of Law Office of
Rocco J. Carbone, III, PLLC, St.
Augustine, for Appellant.


PER CURIAM.

            David Elkin appeals the postconviction court's denial of his "application for

sentencing review by juvenile offender," filed pursuant to Florida Rule of Criminal

Procedure 3.802.  We reverse and remand for further proceedings.

            Elkin was indicted for the capital felony of murder in the first degree on

May 30, 2003, when he was sixteen years old.  His judgment reflects that he pleaded no

contest[1] to a violation of section 782.04(3), Florida Statutes (2002), murder in the second degree, a first-degree felony. The trial court sentenced him on July 13, 2004, to twenty-five years' imprisonment.

Relying on section 921.1402, Florida Statutes, and rule 3.802(b)(3), Elkin applied for sentencing review in January 2017 because he had served "nearly" fifteen years of his twenty-five-year sentence for "second-degree murder." The postconviction court did not consider the merits of Elkin's application. Instead, it erroneously concluded that Elkin could not take advantage of section 921.1402 because he committed his crime before the statute's effective date of July 1, 2014. The supreme court has rejected that view. See Falcon v. State, 162 So. 3d 954, 962 (Fla. 2015) (concluding that juvenile offenders whose convictions and sentences were final prior to Miller v. Alabama, 567 U.S. 460, 479 (2012), "may seek collateral relief based on that decision"), receded from on other grounds, Williams v. State, 43 Fla. L. Weekly S91, S93 n.7 (Fla. Feb. 22, 2018).

Rule 3.802(b)(3), the provision under which Elkin applied for review, provides that a juvenile offender may seek review "after 15 years, if the juvenile offender is sentenced to a term of more than 15 years under sections 775.082(1)(b)2., 775.082(3)(a)5.b., or 775.082(3)(b)2.b., Florida Statutes." Section 775.082(3)(b)(2)(b) applies to defendants convicted of violations of section 782.04 which are first-degree felonies punishable by a term of years not exceeding life imprisonment where the defendant "did not actually kill, intend to kill, or attempt to kill the victim and is sentenced

---

[1]The plea form attached to Elkin's application for review, however, indicates that he pleaded guilty.

to a term of imprisonment of more than 15 years" and entitles such defendants to a review after fifteen years in accordance with section 921.1402(2)(c). Elkin has now served more than fifteen years of his sentence, and while his judgment appears to support his entitlement to a sentencing review, both Elkin's application for review and his plea form indicate that Elkin was convicted of second-degree murder with no distinction between second-degree murder, a violation of section 782.04(2), and second-degree felony murder, a violation of section 782.04(3).

Accordingly, we reverse the denial of Elkin's application for review and remand to the trial court to rule on the merits of the application.

Reversed and remanded for further proceedings.

SILBERMAN, BLACK, and LUCAS, JJ., Concur.